MATTER OF V——

In DEPORTATION Proceedings

A-10659043

*Decided by Board February 8, 1960*

Deportation proceedings—Membership in subversive organization—Authority of B.I.A. and SIO to determine admissibility at time of entry and to apply exemptions in section 212(a)(28)(I).

(1) Authority of the Board and special inquiry officer in deportation proceedings to adjudicate whether an alien was admissible or inadmissible at time of entry includes the authority to determine whether an alien subject to the provisions of section 212(a)(28) of the 1952 act was within any of the exemptions contained in subparagraph (I) of that section.

(2) Exercise of the authority under subparagraph (I) is not dependent upon whether the alien ever appeared before an American consular officer or whether that officer made a finding of involuntary membership or defector status.

CHARGES:

Order:  Act of 1952  Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
        at entry under 8 U.S.C. 1182(a)(20)—No immigrant visa.
        Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
        at entry under 8 U.S.C. 1182(a)(28)—Member of or affiliated with
        Communist Party of foreign state.

BEFORE THE BOARD

**Discussion:** Following a decision of a special inquiry officer that the respondent was deportable on the two grounds stated above, counsel filed a motion for reconsideration. This was denied by the special inquiry officer and the respondent appealed. On July 17, 1959, we sustained the appeal insofar as it related to the second charge and dismissed the appeal as to the first charge. The Service filed a motion for reconsideration on September 16, 1959. On November 20, 1959, we found it necessary to request the Service to clarify its position and the Service filed a supplementary statement on December 28, 1959. Our order of November 20, 1959, and the Service statement of December 28, 1959, are made a part hereof as appendices "A" and "B," respectively.

The respondent is a 28-year-old unmarried male, native and citizen of Yugoslavia, whose only entry into the United States oc-

554

curred on May 11, 1956, at which time he was admitted temporarily as a crewman. He intended to remain in this country permanently but was not in possession of an immigrant visa. The second charge is predicated on the respondent's former membership in Savez Komunista Jugoslavije (the Communist Party of Yugoslavia), and the issue to be determined is whether that charge is sustained.

Taking into consideration our orders of July 17 and November 20, 1959, and the Service motions of September 16 and December 28, 1959, the following is applicable generally to deportation cases in which one of the charges is that the alien was excludable at the time of entry under section 212(a)(28) of the Immigration and Nationality Act [8 U.S.C. 1182(a)(28)]. The Service and this Board are in agreement that, in deportation proceedings, special inquiry officers and this Board have jurisdiction to determine whether an alien was admissible or excludable at the time of entry under 8 U.S.C. 1182(a)(28) where the alien did not appeal before an American consular officer or where the alien did appear but no finding was made by the American consular officer that the alien's membership was involuntary or that he was a defector.

The *procedural* provisions of subparagraph (I) of 8 U.S.C. 1182 (a)(28) are not applicable to deportation cases. In other words, an American consular officer's finding of involuntary membership is not a prerequisite to a determination in deportation proceedings that the alien was, in fact, admissible at the time of entry notwithstanding former membership in a proscribed organization. However, the *substantive* provisions of that subparagraph set forth the criteria for determining whether membership was voluntary or involuntary, that is, the alien can be found to have been admissible at the time of entry if "(i) such membership or affiliation is or was involuntary, or is or was solely when under sixteen years of age, by operation of law, or for purposes of obtaining employment, food rations, or other essentials of living and when necessary for such purposes, or (ii)(a) since the termination of such membership or affiliation, such alien is and has been, for at least five years prior to the date of the application for admission actively opposed to the doctrine, program, principles, and ideology of such party * * *, and (b) the admission of such alien into the United States would be in the public interest."

With respect to cases in which the alien is charged with having been excludable under 8 U.S.C. 1182(a)(28) and also with having been excludable on the ground that the visa was obtained fraudulently by concealment of former membership in a proscribed organization, the Service states that a *deliberate* concealment from the consul of Communist Party membership must be regarded as a material misrepresentation within 8 U.S.C. 1182(a)(19) even though

there was a finding of involuntary membership or defector status made by a special inquiry officer or the Board after the alien's arrival in the United States. Hence, it appears that the Service agrees with the Board that, even in such cases, the charge that the alien was inadmissible at the time of entry under 8 U.S.C. 1182(a)(28) may be found not sustained. We will reserve for consideration in specific cases the question of whether excludability under 8 U.S.C. 1182(a)(19) has been established.

The decisions of *Galvan* v. *Press*, 347 U.S. 522 (1954), and *Rowoldt* v. *Perfetto*, 355 U.S. 115 (1957), apparently have no direct application in this respondent's case. The question of their applicability in future deportation or exclusion cases will be considered as such cases arise.

In view of the foregoing, it follows that there is no controversy as to any legal problem connected with the respondent's case and the issue has resolved itself solely into the question of whether the respondent's membership was or was not voluntary, in accordance with the criteria stated in 8 U.S.C. 1182(a)(28)(I).

We have carefully considered the Service view as to the factual situation in this respondent's case which was set forth on pages 1, 2, 9 and 10 of the motion of September 16, 1959. Our own appraisal of the evidence is as follows. The respondent's admission to the United States occurred on May 11, 1956, but it was not until May 29, 1956, that he deserted his vessel and remained in this country. On June 7, 1956, he made a statement before an immigration officer at the St. Louis office of the Service and admitted that he had deserted his ship. When asked if he had been a member of any organization, he freely admitted his membership in the Communist Party of Yugoslavia. The record does not show whether the Service had previously become aware of the respondent's unlawful presence in the United States or whether he may have appeared voluntarily at the St. Louis office of the Service. He expressed his opposition to Communism and offered to assist the United States Government. He stated that, although a person was not compelled to join the Communist Party of Yugoslavia, it was almost a necessity in order to obtain sufficient food and clothing and in order to hold a position.

The respondent became a member of the Communist Party of Yugoslavia in 1950, and had previously been a member of the Communist Party youth organization commencing in 1948 when he was about 17 years old. When first questioned on June 7, 1956, the respondent stated that he supposed he was still being carried as a member of the Communist Party of Yugoslavia. He testified that he had never been an officer of the organization; that no "special jobs" were assigned to him by the Party; and that he attended meetings—

sometimes weekly and sometimes monthly. During the 13 months preceding his arrival in the United States, he had been employed as a seaman and stated that the only Communist meetings he attended were those on board his ship and that the meetings were poorly attended.

With the exception of a period of service in the Yugoslavian army from 1951 to 1953, the respondent had been employed as a grocery clerk in a government store from 1946 until May 15, 1955, when he commenced his employment as a seaman. Before he became a member of the Communist Party he had been earning about $10 monthly, which was a starvation salary, but after becoming a member of the Party he earned about $14 monthly upon which he could subsist. He also stated that the ration stamps furnished to non-members bordered on the starvation level; that it was only because of these economic factors that he joined the Communist Party; and that he has always been opposed to the present government of Yugoslavia.

When the respondent was first interviewed, nine days after he deserted his ship, he voluntarily admitted his membership in the Communist Party of Yugoslavia and expressed his opposition to Communism. There is no evidence of his membership other than his own testimony. For that reason, his explanation as to why he joined the organization is entitled to considerable weight. We are impressed with his candor at the time of the first interview. We have no reason to doubt the respondent's statement that joining the Communist Party of Yugoslavia represented the difference between trying to exist on a starvation salary or receiving a few more dollars which removed the threat of starvation.

In the Acting Regional Commissioner's order of October 20, 1958, relating to this respondent, appears the following statement:

The Service pointed out in the *Matter of K—*, A-9555532, on April 23, 1958, that from various sources, including the personal observations of officers of this Service in that country, it has been established that: The Government of Yugoslavia is completely under the domination and control of the Communist Party of Yugoslavia and the economic and political philosophy of the country differs only in degree from that followed in the USSR and its satellite countries. Advancement in almost any line of activity is, with few exceptions, limited to Party members. The basic freedom to criticise, as we know and enjoy it, does not exist in Yugoslavia.

The respondent was an employee of the Government of Yugoslavia and the economic compulsion upon him was greater than would have been the case with respect to one who did not hold such employment. After careful review of the record, it is our considered opinion that the respondent's membership in the Communist Party of Yugoslavia was involuntary and that it falls within the criteria of 8 U.S.C. 1182(a)(28)(I) relating to membership in a

proscribed organization which was necessary for the purposes of obtaining employment, food rations or other essentials of living. Accordingly, we hold that the second charge (that the respondent is deportable because he was excludable at entry due to his membership in the Communist Party of a foreign state) is not sustained. The first charge, relating to his lack of a visa, is sustained. In connection with the request, in counsel's motion, for reconsideration of the application for a stay of deportation under section 243(h) of the Immigration and Nationality Act, that is a matter within the jurisdiction of the Service. Counsel indicated that the respondent desired to take steps with a view of adjusting his status to that of a lawful permanent resident. The following order will be entered.

**Order:** It is ordered that the motion of the Service for reconsideration, except as reconsidered herein, be denied.

*It is further ordered* that the respondent's appeal be sustained insofar as it relates to the second charge, that is, the Communist Party charge.

*It is further ordered* that the respondent's appeal be dismissed as to the first charge (lack of an immigrant visa) without prejudice to further application by the alien for any discretionary relief which may be available.

### APPENDIX "A"

#### BEFORE THE BOARD
(Nov. 20, 1959)

### In re: A——V——
#### A–10659043

**Discussion:** On July 17, 1959, we dismissed the alien's appeal as to the first charge and sustained his appeal as to the second charge. The Service requested reconsideration of this order in its motion dated September 16, 1959.

It was stated in the motion that we had not correctly understood the position of the Service and there was a particular reference to a statement on page 3 of our previous order, reading as follows: "The Service takes the position that a former member of the Communist Party of a foreign state is excludable under subparagraph (C) of 8 U.S.C. 1182(a)(28) *regardless of whether his membership was voluntary or involuntary;* that subparagraph (I) sets forth a specific procedure which such aliens must follow; and that, if this procedure is not followed, the alien must leave the United States, follow the procedure in subparagraph (I), and obtain a visa or a new visa before again applying for admission to this country."

558

With the exception of such statements as may have appeared in decisions of special inquiry officers or in briefs of examining officers, the Service has not heretofore filed any written memorandum outlining its position concerning 8 U.S.C. 1182(a)(28)(C) and (I). However, we believe that statements which were made by the Service representatives during oral arguments were along the lines summarized in the sentence quoted above.

In *Matter of G——R——B——*, A-10935264, the Service representative stated on February 26, 1959, that the Attorney General, this Board, and the special inquiry officers have no jurisdiction to pass upon voluntary or involuntary membership or defector status "unless and until it has been passed upon *first* by the consul" and that in that particular case the Board did not have jurisdiction because the American consular officer had not considered the case under subparagraph (I) of 8 U.S.C. 1182(a)(28).

In *Matter of O——K——*, A-10930148, the Service representative on May 12, 1959, agreed that a correct statement of his position was that, even if it should be perfectly clear in a given case that membership in a foreign Communist Party was involuntary but the American consul had not considered that issue, the alien must be denied admission because of such membership, must return to his country, start all over again, and submit his case to the American consul. It was also stated that the ground of exclusion under 8 U.S.C. 1182(a)(28) is sustained merely on a showing of membership and that the type of membership or the degree of affiliation is absolutely immaterial in a deportation proceeding, and that the remedy under subparagraph (I) is the sole and exclusive remedy.

Upon careful consideration of the motion of the Service dated September 16, 1959, and in view of the apparent conflict between statements therein and the statements which had been made by the Service representatives, we find it necessary to return the case to the Service so that it may clarify its position by answering the following questions:

(1) Does the Service now concede that this Board and special inquiry officers have jurisdiction to determine whether an alien was admissible or inadmissible at the time of entry because of former membership in the Communist Party of a foreign state where there had been no finding by the American consular officer that the alien's membership was involuntary or that he was a defector within the meaning of section 212(a)(28)(I)?

(2) Does the Service claim that there is such jurisdiction only where the alien has never appeared before an American consular officer, and, if so, what is the statutory basis for this distinction?

(3) In cases where two deportation charges are involved, that is, (a) excludable at entry because of former membership in a foreign

559

Communist Party, and (b) excludable at entry because the visa was obtained by fraud, does the Service contend that this Board and special inquiry officers are precluded from finding that the alien was an involuntary member of the Communist Party of a foreign state or that he was a defector merely because an American consular officer had not previously made such a finding? ˙

**Order:** It is ordered that this case be returned to the Service for the purpose stated above in accordance with 8 CFR 3.1 (d) (2).

APPENDIX "B"
### BEFORE THE CENTRAL OFFICE
(December 28, 1959)

SUPPLEMENTARY STATEMENT OF POSITION IN SUPPORT OF MOTION
TO RECONSIDER

In re: A——V——
A-10659043

**Discussion:** On September 16, 1959, the Service filed a motion to reconsider the Board's decision of July 17, 1959, in the subject case. By order dated November 20, 1959, the Board has requested clarification of the Service position with respect to the following questions:

1. Does the Service now concede that this Board and special inquiry officers have jurisdiction to determine whether an alien was admissible or inadmissible at the time of entry because of former membership in the Communist Party of a foreign state where there had been no finding by the American consular officer that the alien's membership was involuntary or that he was a defector within the meaning of section 212(a)(28)(I)?

2. Does the Service claim that there is such jurisdiction only where the alien has never appeared before an American consular officer, and, if so, what is the statutory basis for this distinction?

3. In cases where two deportation charges are involved, that is, (a) excludable at entry because of former membership in a foreign Communist Party, and (b) excludable at entry because the visa was obtained by fraud, does the Service contend that this Board and special inquiry officers are precluded from finding that the alien was an involuntary member of the Communist Party of a foreign state or that he was a defector merely because an American consular officer had not previously made such a finding?

The respondent entered as a crewman on May 11, 1956, and has remained here illegally since. The only charges are (1) excludable at time of entry because not in possession of an immigrant visa, and (2) excludable at time of entry under the provisions of section 212 (a)(28)(C) in that he had been a member of or affiliated with the Communist Party of a foreign state. Insofar as appears from the record, the respondent never appeared before a United States consul in connection with an application for a visa to enter this country.

In the light of the foregoing, the Service motion to the Board

560

was confined to the facts of the case. Thus, at page 9 of the Service motion, it was stated:

(4) That for the reasons set forth in pp. 4–6 of the Board decision there is authority under section 212(a)(28)(I) for the special inquiry officer and the Board to consider the issue of involuntariness or otherwise find an alien within the exemptions of that subsection, in a case where the alien has never appeared before a United States consul * * *.

It was not deemed necessary to enlarge upon the Service position with respect to the situation where the alien had appeared before a United States consul, and had deliberately concealed Communist Party membership since those were not the facts of the case. However, since the request for clarification indicates that the Board regards a statement of the Service position in this additional area pertinent to its consideration of this case, the Service position with respect to all three of the above questions is as follows:

For the reasons set forth in pp. 4–6 of the Board order of July 17, 1959, the Service accepts the ruling of the Board that authority exists with a special inquiry officer and with the Board to find involuntary membership or defector status under the provisions of section 212(a)(28)(I) both in a situation where the alien never appeared before a United States consular officer, and where the alien did appear before an American consular officer but no finding was made by that officer that the alien's membership was involuntary or that he was a defector.

With respect to the cases pending before the Board involving an issue of fraud, the Service still maintains, for the reasons advanced in the arguments in those cases, that a deliberate concealment of Communist Party membership by the alien, from the consul, must be regarded as a material misrepresentation within section 212(a)(19), in that it was directly relevant to issuance of a visa, and that this is true regardless of any subsequent finding of involuntary membership or defector status made by a special inquiry officer or the Board after the alien's arrival in the United States.

With respect to the instant case, the Service continues to maintain that an alien who has been a member of the Communist Party of a foreign country and, hence, was excludable under section 212(a)(28)(C) at time of entry, can only be removed from the class of aliens defined in that section under the provisions of section 212(a)(28)(I), which is the exclusive statutory remedy, and that the decisions in *Rowoldt v. Perfetto* (355 U.S. 115), and *Galvan v. Press* (347 U.S. 522), have no application in such a case.

*On the basis of the foregoing, motion is again made* that the Board reconsider and withdraw its order dated July 17, 1959, and enter an order that the respondent be deported on both of the charges set forth in the order to show cause.